**UNITED STATES of America;**

**v.**

**Eliezer Rangel ORTIZ, also known as Eliezer Rangel**

**Eliezer Rangel Ortiz, Appellant.**

**No. 06–3325.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 28, 2007.

Filed: Oct. 29, 2007.

George S. Leone, Sabrina G. Comizzoli, Office of United States Attorney, Newark, NJ, for Appellee.

Angelo Servidio, Nutley, NJ, for Appellant.

Before: AMBRO, JORDAN and ROTH, Circuit Judges.

OPINION

AMBRO, Circuit Judge.

In February 2004, police, acting on a tip from a confidential informant, stopped a vehicle believed to be transporting cocaine. They found three men in the car, including Eliezer Rangel Ortiz, along with a package of cocaine. Ortiz was carrying an unloaded Glock 9 firearm in his front waistband and the car's driver was carrying a loaded revolver.

Oritz was subsequently charged with one count of conspiracy to distribute and possess with intent to distribute more than 500 grams of cocaine, contrary to 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. He entered a guilty plea in May 2005 and was sentenced to a 70–month term of imprisonment. Ortiz appeals the judgment of conviction and sentence. His counsel, Angelo Servidio, Esq., has filed a motion to withdraw as counsel pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that all potential grounds for appeal are frivolous.

For the reasons below, we grant that motion and affirm the judgment of the District Court.

Under *Anders*, if counsel "finds [a] case to be wholly frivolous, after a conscientious examination" of the potential grounds for appeal, he should "advise the court and request permission to withdraw." 386 U.S. at 744, 87 S.Ct. 1396. This request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal," *id.*, "explain[ing] to the court why the issues are frivolous," *United States v. Marvin*, 211 F.3d 778, 781 (3d Cir.2000), and demonstrating that he has "thoroughly scoured the record in search of appealable issues," *id.* at 780. A copy of counsel's brief must be furnished to the appellant, who must be given time to raise nonfrivolous arguments in a *pro se* brief. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396; Third Circuit LAR 109.2(a).[1]

We "confine our scrutiny to those portions of the record identified by an adequate *Anders* brief ... [and] those issues raised in Appellant's *pro se* brief." *United States v. Youla*, 241 F.3d 296, 301 (3d Cir.2001) (citing *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir.1996)). We do not "comb the record ... for possible nonfrivolous issues that both the lawyer and his client may have overlooked," as "[our] duty is merely to determine whether counsel is correct in believing those grounds [raised are] frivolous." *Wagner*, 103 F.3d at 552–53. We grant counsel's *Anders* motion to withdraw if we believe "that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim," *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988), and

if we conclude "that the appeal lacks any basis in law or fact," *id.* at 438 n. 10, 108 S.Ct. 1895.

After our independent examination of the record, it is clear that counsel has satisfied his *Anders* burden and that no nonfrivolous issues from which to appeal exist. In his *pro se* brief, Ortiz contends that his counsel was ineffective (1) at all stages of the proceedings, (2) at sentencing by failing to enumerate the sentencing factors in 18 U.S.C. § 3553(a), and (3) at sentencing by failing to argue for a downward departure because of Ortiz's status as a deportable alien. At the outset, we note that ineffective assistance claims are usually pursued in a collateral proceeding, rather than on direct appeal. *See United States v. Theodoropoulos*, 866 F.2d 587, 598 (3d Cir.1989), *overruled on other grounds by United States v. Price*, 76 F.3d 526, 528 (3d Cir.1996). "There is, however, a narrow exception to the rule that defendants cannot attack the efficacy of their counsel on direct appeal. Where the record is sufficient to allow determination of ineffective assistance of counsel, an evidentiary hearing to develop the facts is not needed." *United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir.1991). The record here does not provide a sufficient basis from which we can evaluate the adequacy of the representation that Ortiz received. Moreover, the record does show that the District Court considered the § 3553(a) factors[2] as well as Ortiz's immigration status in fashioning its sentence.

Because there are no nonfrivolous issues for appeal, Ortiz's judgment of conviction

---

1. Ortiz filed an informal *pro se* brief in accordance with the local rules.

2. We do note, however, that, contrary to Mr. Servidio's assertions at pages 15–16 of his

brief, we have jurisdiction to review a within-Guidelines sentence for reasonableness. *United States v. Cooper*, 437 F.3d 324, 327 (3d Cir.2006).

and sentence is hereby affirmed, and counsel for Ortiz is granted leave to withdraw.